IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FINIS DORSEY, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   NO. |
| vs. | ) |
| | ) |
| CHICAGO POLICE OFFICER JOHN SMITH, | ) |
| STAR #12101; CHICAGO POLICE OFFICER | ) |
| VANNA, STAR #12126; Individually and as | ) |
| Employee/Agents of the CITY of CHICAGO, | ) |
| a Municipal Corporation | ) |
| | ) |
|       Defendants. | ) |

**COMPLAINT AT LAW**

NOW COMES, FINIS DORSEY, by and through his attorneys, the LAW OFFICES OF JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICER JOHN SMITH, STAR #12101 and CHICAGO POLICE OFFICER VANNA, STAR #12126, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights and related state law claims. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, FINIS DORSEY, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4.     Defendants, CHICAGO POLICE OFFICER JOHN SMITH, STAR #12101 and CHICAGO POLICE OFFICER VANNA, STAR #12126, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

### FACTUAL SUMMARY

5.     On or about September 29, 2008, Plaintiff was visiting the home of Keanta Harrington who lived in a second floor apartment located at 7931 S. State Street, Chicago, Illinois 60619.

6.     As Plaintiff and Mr. Harrington were exiting the apartment, they were ordered to the ground by the DEFENDANT OFFICERS who were chasing other individuals down the hallway in the apartment building.

7.     The Plaintiff was detained, searched and arrested by the DEFENDANT OFFICERS despite the fact they had not seen him in violation of any laws.

8.     The DEFENDANT OFFICERS conspired to charge the Plaintiff with the felony offense of unlawful possession of a firearm, despite the fact they had not seen the Ploaintiff in possession of a firearm and knew the charges were false.

9.     The criminal proceedings initiated by the DEFENDANT OFFICERS against the Plaintiff were resolved in a manner indicative of the Plaintiff's innocence on October 9, 2009.

### COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

10.    Plaintiff re-alleges and incorporates paragraphs 1-9 as fully stated herein.

11.    As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

12.    The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

13. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### State Law Claim: Malicious Prosecution

14. Plaintiff re-alleges and incorporates paragraphs 1-9 above as fully stated herein.

15. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

16. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

17. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

18. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

19. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

20. The misconduct described in this Count was undertaken by the DEFENDANT

OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III
### Section 1983 Conspiracy Claim

21. Plaintiff re-alleges and incorporates paragraphs 1-9 above as fully stated herein.

22. The DEFENDANT OFFICERS conspired to violate the Plaintiff's constitutional rights. In furtherance of this conspiracy, the DEFENDANT OFFICERS,

   (a) generated police reports with false statement that the Plaintiff was in possession of a handgun and trespassing in the building;

   (b) generated false criminal complaints against the Plaintiff; and

   (c) committed perjury by testifying falsely under oath on October 6, 2008 and October 9, 2009 in the criminal proceedings the DEFENDANTS initiated against the Plaintiff.

23. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT IV
### State Law claim: Indemnification

24. Plaintiff re-alleges incorporates paragraphs 1-9 above as fully stated herein.

25. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

26. DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

27. Plaintiff, FINIS DORSEY, respectfully requests that the Court:

   a. Enter judgment in his favor and against Defendants, CHICAGO POLICE OFFICER JOHN SMITH, STAR #12101 and CHICAGO POLICE OFFICER VANNA, STAR #12126;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER JOHN SMITH, STAR #12101 and CHICAGO POLICE OFFICER VANNA, STAR #12126;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICER JOHN SMITH, STAR #12101 and CHICAGO POLICE OFFICER VANNA, STAR #12126;

   d. Award punitive damages against CHICAGO POLICE OFFICER JOHN SMITH, STAR #12101 and CHICAGO POLICE OFFICER VANNA, STAR #12126 in their individual capacities; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, FINIS DORSEY, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606

(312) 223-1100
Fax: (312) 781-9123